```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


CHARLES MITZENIUS,             :
                               :    Civil Action No. 07-4996 (KSH)
          Petitioner,          :
                               :
     v.                        :    OPINION
                               :
ADULT DIAGNOSTIC &             :
TREATMENT CENTER, et al.,      :
                               :
          Respondents.         :
```

**APPEARANCES:**

    CHARLES MITZENIUS, Petitioner pro se
    SBI #363952C
    Adult Diagnostic & Treatment Center
    DN 2955 8L
    8 Production Way
    Avenel, New Jersey 07001-1628

**HAYDEN**, District Judge

This matter is before the court pursuant to a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by petitioner Charles Mitzenius ("Mitzenius"). Petitioner paid the $5.00 filing fee. For the reasons stated below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

I.  BACKGROUND

According to the allegations contained in the petition, as well as the state court record provided by petitioner,[1] Mitzenius is a state prisoner sentenced pursuant to a state court judgment of conviction entered in the State of New Jersey on or about March 12, 1998.  Mitzenius appealed his conviction to the Superior Court of New Jersey, Appellate Division.  On April 13, 2000, the Appellate Division affirmed petitioner's conviction in an unpublished opinion.  Mitzenius petitioned the Supreme Court of New Jersey for certification.  On September 20, 2000, the New Jersey Supreme Court denied certification.  Mitzenius does not allege that he filed a petition for certiorari with the Supreme Court of the United States.

Mitzenius states in his petition, at page 6, that he filed his pro se petition for post-conviction relief ("PCR") on or before August 4, 2005, more than four years after his state court judgment of conviction became final.  See 28 U.S.C. § 2244(d)(1).  The PCR proceedings were held before the Honorable Ira E. Kreitzman, J.S.C., who denied relief on January 12, 2007.  Mitzenius admits that he appealed from the

---

[1] The state court record provided by Mitzenius has an "impounded record" stamp on the front of the documents.  Because these documents were marked "impounded" and contain sensitive information concerning minor children, the Court has docketed these records as "sealed".

Order denying the state PCR petition, and that this state PCR appeal is currently pending.

On or about October 10, 2007, petitioner filed this § 2254 habeas petition. Mitzenius challenges his state court conviction on numerous grounds scattered throughout a rambling and prolix petition. It does not appear from the lengthy petition that Mitzenius presented all of his federal habeas claims before the state court on direct or collateral review. While Mitzenius admits that his state PCR appeal is still pending, he contends that the state will not afford him proper review of his constitutional claims. He asks this Court to consider this federal habeas petition despite the fact that Mitzenius has not fully exhausted his available state court remedies pursuant to 28 U.S.C. § 2254(b).

## II. ANALYSIS

A. Pro Se Pleading

Mitzenius brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118

(3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

5

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Mitzenius has failed to exhaust his state court remedies with respect to the challenged state court conviction. Mitzenius admits that he has filed a state PCR petition, which is still pending. However, he contends that his state PCR proceedings have been substantially delayed and that the appellate state court is indifferent to the mandates of law.

However, this court's review of the documents submitted by Mitzenius show that any delay in bringing the state PCR proceedings to conclusion is not the fault of the state court, but rather, is likely related to petitioner's failure to

pursue the merits of his state PCR petition in a more timely fashion. Indeed, his state PCR petition was allegedly filed in August 2005, just shy of the five-year limitation in filing a state PCR petition. See N.J. Court Rule 3:22-12(a).[3] Thus, petitioner himself waited a long period of time before seeking collateral review.

Consequently, any delay in bringing his state PCR proceedings to conclusion may be attributed to petitioner, and not the state court. There is no indication from the petition that state procedures are in effect unavailable to him. In fact, his appeal from denial of his state PCR petition is currently pending. As a matter of comity, it is best left to the New Jersey courts to determine Mitzenius' unexhausted claims. District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.

---

[3] N.J. Court Rule 3:22-12(a) reads: General Time Limitations. A petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this rule more than 5 years after rendition of judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

Therefore, based on the petition and attachments, it is obvious that all of the claims in this habeas petition have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state collateral review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

This Court finally notes that this federal habeas petition, and any later § 2254 habeas petition may be time-barred pursuant to 28 U.S.C. § 2244(d).

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  In this case, it would appear that Mitzenius' conviction became final on or about December 20, 2000 (*i.e.,* 90 days from the date when the New Jersey Supreme Court denied certification on September 20, 2000, because petitioner does not allege that he filed a petition for certiorari before the United States Supreme Court).

However, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is

9

statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Mitzenius admits that he did not file a state PCR petition until August 2005, almost five years after his judgment of conviction became final and well beyond the one-year limitation period under 28 U.S.C. § 2244(d)(1).  Thus,

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

10

his late PCR petition did not serve to statutorily toll the limitations period for bringing a federal habeas petition.

However, the limitations period of § 2244(d) also is subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. <u>Id</u>.; <u>Miller</u>, 145 F.3d at 618-19; <u>Jones</u>, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively

11

misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[5]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Mitzenius does not allege any facts to suggest that the limitations period should be equitably tolled for him.  Because this Court is dismissing this petition without prejudice on non-exhaustion grounds, the Court will refrain

---

[5]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

from making any determination at this time as to whether the habeas petition is time-barred.  Petitioner, however, should be aware that in the event his state PCR appeal is unsuccessful and he returns to this district court for habeas relief under § 2254,[6] he will have to address the issue of whether his petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a

---

[6] This Court notes that Mitzenius also invokes 28 U.S.C. § 2241 as a jurisdictional predicate for his habeas petition.  However, because he is challenging a state court conviction, the only proper avenue for habeas relief is § 2254.

13

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this court finds that Mitzenius has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies. No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

```
                                        /s/ Katharine S. Hayden
                                        KATHARINE S. HAYDEN
                                        United States District Judge
DATED: 12/26/07
```