NOT FOR PUBLICATION

United States District Court
for the District Of New Jersey

CHARLES MITZENIUS,

     Petitioner,

 v.

ADULT DIAGNOSTIC & TREATMENT
CENTER, et al.

     Respondents.

Civil No.: 07-4996 (KSH)

OPINION

**Katharine S. Hayden, U.S.D.J.**

  Charles Mitzenius seeks federal habeas corpus relief from a New Jersey state conviction and sentence. When this matter was last before the Court, Mitzenius's 28 U.S.C. § 2254 petition was dismissed without prejudice because he was still in the process of exhausting available state remedies. *See Mitzenius v. Adult Diagnostic & Treatment Ctr.*, No. 07-4996, 2007 WL 4570318, at *5 (D.N.J. Dec. 26, 2007). Mitzenius was also warned that his petition appeared to be untimely filed under 28 U.S.C. § 2244(d)(1)(A):

> Here, Mitzenius admits that he did not file a state PCR petition until August 2005, almost five years after his judgment of conviction became final and well beyond the one-year limitation period under 28 U.S.C. § 2244(d)(1). . . . Because this Court is dismissing this petition without prejudice on non-exhaustion grounds, the Court will refrain from making any determination at this time as to whether the habeas petition is time-barred. *Petitioner, however, should be aware that in the event his state PCR appeal is unsuccessful and he returns to this district court for habeas relief under § 2254, he will have to address the issue of whether his petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).*

*Id.* at *3–5 (emphasis added, footnote calls omitted).

  In 2009, the Appellate Division affirmed the trial court's denial of Mitzenius's petition for state post-conviction relief (PCR). *See generally State v. Mitzenius*, No. A-5231-06T4, 2009

1

WL 690663 (App. Div. Mar. 18, 2009). Certification to the state Supreme Court was denied. *See State v. Mitzenius*, 199 N.J. 541 (2009). Mitzenius did not seek certiorari.

Since 2007, Mitzenius has docketed several additional documents, many of which apprised this Court of the progress of the ongoing state proceedings. [*See, e.g.*, D.E. 7.] After his petition for certification was denied, Mitzenius wrote to this Court and asked, in effect, for his habeas corpus petition to be reactivated. [D.E. 11.][1] More recently, Mitzenius filed a Fed. R. Civ. P. 60(b) motion requesting relief from the Court's previous order of dismissal, arguing that he had been misled by an inmate who had falsely represented himself as an institution paralegal. [D.E. 18.] None of Mitzenius's filings has responded to the timeliness concerns raised in the Court's initial opinion.

The timeliness of a habeas corpus petition may be raised *sua sponte* on notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006); *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). In fact, "Habeas Rule 4 provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'" *Day*, 547 U.S. at 207.

Mitzenius's habeas petition is plainly untimely and cannot be reactivated. The New Jersey Supreme Court entered its denial of his petition for certification in his direct appeal on September 20, 2000. *See State v. Mitzenius*, 165 N.J. 531 (2000). His conviction became final 90 days later on December 19, 2000, when "the time expired for seeking *certiorari* for direct review by the United States Supreme Court." *Pabon v. Superintendent S.C.I. Mahanoy*, 654 F.3d 385, 398 (3d Cir. 2011). Mitzenius had one year, until December 19, 2001, to file his

---

[1] The Court observes that Mitzenius originally requested the appointment of pro bono counsel. [D.E. 12, 16.] Although he later claimed to have retained counsel [D.E. 17], no appearance has been entered and all documents have been filed *pro se*.

federal petition. 28 U.S.C. § 2244(d)(1)(A). But he did not do so until 2007, many years too late. Moreover, since his PCR petition was not filed until 2005, there was no "properly filed application for State post-conviction . . . review" tolling the limitations period before then. 28 U.S.C. § 2244(d)(2).

Although the Court raised the issue of timeliness from the start, Mitzenius has never responded to the issue in his various filings. Insofar as those filings can nevertheless be liberally construed to invoke defenses to his untimeliness, none of the relevant exceptions to the limitations period is available. Even if he were entitled to a degree of equitable tolling based on the adverse circumstances he describes, *see Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), he does not account for enough tolling to render his petition timely filed. And although he invokes "actual innocence," neither his original petition nor his numerous subsequent filings vaults the high bar of showing a persuasive actual-innocence exception to timeliness. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1933 (2013).

For the foregoing reasons, Mitzenius's habeas corpus petition is denied with prejudice as untimely filed under AEDPA. His Fed. R. Civ. P. 60(b) motion is also denied.[2] An appropriate order will be entered.

October 11, 2013

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

---

[2] Mitzenius also appears to request the recusal of the undersigned, on the basis that this Court's 2007 decision was "more than just in error." (*See* Letter [D.E. 18-3].) Interpreted as invoking 28 U.S.C. § 455(a), the request for recusal is denied. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) ("Disagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal.").